# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO RIOS, | CASE NO. 1:12-cv-01334-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| CONNIE GIPSON, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

**First Screening Order**

**I.   Screening Requirement and Standard**

Plaintiff Reno Rios, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132 (Americans with Disabilities Act) on August 16, 2012. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
2  do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic
3  Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to
4  indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
5  (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal
6  conclusions are not. Iqbal, 556 U.S. at 678.

   Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt
   resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler,
   627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive
   screening, which requires sufficient factual detail to allow the Court to reasonably infer that each
   named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks
   omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that
   a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of
   satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572
   F.3d at 969.

**II.     Plaintiff's Complaint**

   **A.     Introduction**

   Plaintiff, who is incarcerated at California State Prison-Corcoran in the Security Housing
   Unit (SHU), brings this action against Warden Connie Gipson; Chief Medical Officers Edgar Clark
   and Wayne; Chief Executive Officer Teresa Macias; Dentist J. Briggs; Supervising Dentist
   Shampain; Physicians J. Neubarth and Liberstain; Physician Assistant Sisodia; Captain M. Seifert;
   Appeals Coordinator Karen Cribbs; and Doe defendants for violating his rights under section 1983
   and the Americans with Disabilities Act (ADA).

   Plaintiff's complaint sets forth multiple claims for relief, not all of which may be properly
   joined in one action, and the linkage between the actions or omissions of each named defendant and
   violations at issue are often speculative. Plaintiff may not do an end run around the prohibition
   against supervisory liability by alleging that administrators knew or should have known that his
   rights were being violated. Finally, Plaintiff inappropriately conflates various legal claims, alleging,

2

for example, that his Eighth Amendment rights under the ADA are being violated because prison officials are acting with deliberate indifference and violating the California Penal Code.

In the sections that follow, the Court will provide with Plaintiff guidance concerning what appear to be his federal claims. Plaintiff is required to file amended complaint which complies with the constraints of this order, as set forth below.

### B.     Joinder Requirements

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

### C.     Violation of California Penal Code and Title 15 Regulations

Plaintiff alleges the violation of sections 147, 673, and 2652 of the California Penal Code. Section 147 provides for the punishment of officers found guilty of willful inhumanity or oppression of prisoners, and section 673 proscribes cruel, corporal, or unusual punishments and treatment impairing health. Section 2652 proscribes cruel, corporal, or unusual punishments and treatment impairing health, and prohibits the use of certain devices for punishment. Plaintiff also cites to various sections of Title 15 of the California Code of Regulations.

However, Plaintiff may not sue Defendants for violation of the penal code, see Gonzaga University v. Doe, 536 U.S. 273, 283-86, 122 S.Ct. 2268 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy); see also Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes), or for violation of Title 15 regulations, e.g., Vasquez v. Tate, No. 1:10-cv-1876 JLT (PC), 2012 WL

6738167, at *9 (E. D. Cal. Dec. 28, 2012); Davis v. Powell, __ F.Supp.2d __, __, No. 10cv1891-CAB (RBB), 2012 WL 4754688, at *9 (S.D. Cal. Oct. 4, 2012); Meredith v. Overley, No. 1:12-cv-00455-MJS (PC), 2012 WL 3764029, at *4 (E.D. Cal. Aug. 29, 2012); Parra v. Hernandez, No. 08cv0191-H (CAB), 2009 WL 3818376, at *8 (S.D.Cal. Nov. 13, 2009); Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, at *12 n.4 (E.D.Cal. Feb. 3, 2009), adopted in full, 2009 WL 647350 (Mar. 10, 2009).

### D. ADA Claims

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

Plaintiff conflates his multiple claims relating to medical care with a violation of the ADA. The ADA does not provide a remedy for deficient medical care, and therefore, Plaintiff's claims for violation of the ADA which arise out inadequate medical care fail as a matter of law. Simmons v. Navajo County, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)).

However, Plaintiff also alleges that inmates in the SHU are allowed to watch television but are required to use ear bud headphones. Because Plaintiff wears hearing aids, he is unable to use ear buds and prison officials will not accommodate his disability by allowing him to use clear over-the-ear headphones. The ADA's broad language brings within its scope anything a public entity does, including programs or services provided at prisons, and a public entity may not deny any otherwise qualified individual meaningful access to its services, programs, or activities solely by reason of his disability. Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) (citations and quotation marks omitted); Barden v. City of Sacramento, 292 F.3d 1073, 1076 (9th Cir. 2002) (citations omitted). If prison officials are excluding Plaintiff from a prison service, program, or activity

///

enjoyed by other inmates solely because of his disability, Plaintiff has stated a claim. Lee, 250 F.3d at 691.

### E. Eighth Amendment Claims

Section 1983 only provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law, Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and negligent medical care does not support a claim for relief under section 1983, Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977)). While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow, 681 F.3d at 985; Wilhelm, 680 F.3d at 1122; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

There is no constitutional right to routine dental care, Hallett v. Morgan, 296 F.3d 732, 745 (9th Cir. 2002), nor to demand a particular procedure, such as a tooth implant, Snow, 681 F.3d at 987; Wilhelm, 680 F.3d at 1122-23. Further, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122. Plaintiff must allege sufficient facts to support a claim of deliberate indifference, and general allegations that a defendant "knew or should have known" do not suffice. (E.g., Comp., ¶22.)

### F. Retaliation Claims

Finally, vague allegations of retaliation will not support a claim under section 1983. Plaintiff's allegations must be sufficient to support a plausible claim that a state actor took some adverse action against him because of his engagement in protected conduct, and that such action chilled the exercise of his First Amendment rights and did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (quotation marks omitted); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

///

### III.     Conclusion and Order

Based on the foregoing, Plaintiff's complaint shall be dismissed, with leave to amend. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*. Iqbal, 556 U.S. at 676-77; Snow, 681 F.3d at 989; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint, not to exceed twenty-five (25) pages in length; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   March 27, 2013**              /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE