# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO RIOS, | Case No. 1:12-cv-01334-SKO (PC) |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| CONNIE GIPSON, et al., | (Doc. 12) |
| Defendants. | |

## Second Screening Order

### I.     Screening Requirement and Standard

Plaintiff Reno Rios, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 16, 2012. On March 28, 2013, the Court dismissed Plaintiff's complaint, with leave to amend. On June 13, 2013, Plaintiff filed an amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II. Discussion

Plaintiff, who was incarcerated at California State Prison-Corcoran ("CSP-Corcoran") in the Security Housing Unit ("SHU") during the events at issue, brings this action against Warden Connie Gipson; Chief Medical Officers J. Wong, E. Clark, and W. J. McGuinness; Chief Executive Officer T. Macias; Healthcare Manager J. Obaiza; Doctors J. Neubarth, J. Kim, Nereddy, Liberstein, Nguyen, Pringle, and Briggs; Family Nurse Practitioner P. Rouch; Physician Assistant Sisodia; and David Shampain. Plaintiff seeks monetary damages, declaratory relief, and injunctive relief.[1]

---

[1] In light of Plaintiff's transfer to a different institution, his claims for equitable relief are moot. *Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012); *Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991).

Plaintiff seeks redress for the alleged violation of his rights with respect to dental care and multiple medical issues. While Plaintiff packs many allegations into his twenty-five page amended complaint, the allegations amount to broad assertions of misconduct against many defendants. For the reasons which follow, the Court finds that Plaintiff's amended complaint, even liberally construed, does not demonstrate more than a mere possibility of misconduct, which does not suffice to support a claim. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969; *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) ("The deliberate indifference doctrine is limited in scope.").

### B.   Eighth Amendment Claims[2]

#### 1.   Legal Standard

Under section 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; *Ewing*, 588 F.3d at 1235. Supervisory personnel may be liable only if (1) they are personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisors' wrongful conduct and the constitutional violation. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (quotation marks and citation omitted).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, __ F.3d __, __, No. 09-55907, 2014

---

[2] Plaintiff also alleges his Fourteenth Amendment right to due process was violated. However, if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process. *County of Sacramento v. Lewis*, 523 U.S. 833, 843, 118 S.Ct. 1708 (1998) (quotation marks and citation omitted). The majority of Plaintiff's claims are covered by the Eighth Amendment, and for those claims, Plaintiff is necessarily limited to seeking redress under the Eighth Amendment.

WL 878830, at *3 (9th Cir. Mar. 6, 2014); *Wilhelm*, 680 F.3d at 1122; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Negligent medical care does *not* support a claim for relief under section 1983. *Snow*, 681 F.3d at 987-88. Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122. Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122. The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985; *Wilhelm*, 680 F.3d at 1122.

## 2. **Findings**

Plaintiff alleges that while in the SHU at CSP-Corcoran, he was not provided with adequate or appropriate treatment for allergies, asthma, dry skin, nerve pain, digestive problems, hearing impairment, plantar fasciitis, vision issues, and a dental condition. The various medical and dental conditions identified by Plaintiff suffice to support, at the pleading stage, the existence of objectively serious medical and dental needs. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and/or the existence of chronic or substantial pain are indications of a serious medical need). However, Plaintiff has not alleged any specific facts supporting a claim that the named defendants knew of and disregarded a substantial risk of serious harm to his health. *Wilhelm*, 680 F.3d at 1122-23.

Plaintiff clearly disagrees with the courses of treatment chosen by prison medical and dental staff, and he believes medical staff at CSP-Corcoran should have allowed him to have the same medications and devises he was provided with at other institutions, but more than Plaintiff's mere dissatisfaction with the care he received must be shown. *Snow*, 681 F.3d at 987-88; *Wilhelm*, 680 F.3d at 1122-23. Furthermore, the mere fact that prison officials mentioned budgetary constraints and/or security constraints dictated by Plaintiff's SHU housing in

determining which course of treatment to pursue does not compel a conclusion that they must have been deliberately indifferent.[3] *See Peralta*, 2014 WL 878830, at *3 ("What resources were available is highly relevant because they define the spectrum of choices that officials had at their disposal."); *Griffin v. Gomez*, 741 F.3d 10, 20-21 (9th Cir. 2014) ("Internal [prison] security is peculiarly a matter normally left to the discretion of prison administrators.") (citation and internal quotation marks omitted); *Farmer v. Brennan*, 511 U.S. 825, 844-45, 114 S.Ct. 1970 (1994) ("A prison official's duty under the Eighth Amendment is to ensure reasonable safety, a standard that incorporates due regard for prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions.").

Plaintiff was previously provided with the applicable legal standard and notified of the need to link each named defendant to actions or omissions which demonstrate a violation of his rights. Instead of curing the deficiencies in his claims, Plaintiff relies on general and conclusory allegations to bolster his claim that prison staff members were deliberately indifferent to his medical and dental needs. Accordingly, the Court finds that Plaintiff fails to state claim for violation of the Eighth Amendment arising out of the medical and dental care he was provided with while in the SHU.[4]

### C. Claim Arising from Deficient Inmate Appeals Process

Plaintiff also seeks to impose liability on Defendant Gipson, and other unnamed wardens, for failing to provide a "reliable" appeals process. Plaintiff alleges that his appeals were improperly screened out, lost, and/or destroyed, and that staff breached their fiduciary duty by failing to process his appeals.

This claim fails as a matter of law. Plaintiff has no constitutional right to an appeals process, and the existence of an appeals process does not create any substantive rights upon which Plaintiff may base a claim. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005);

---

[3] Plaintiff alleges that he is serving a life sentence and he was placed in the SHU after being validated as a Mexican Mafia gang associate. (Amend. Comp., ¶¶11, 12.) Plaintiff is now incarcerated at Kern Valley State Prison, which does not have a SHU. Fed. R. Evid. 201(b); Doc. 13.

[4] For clarity of the record, the Court notes that Plaintiff's allegations he should have been permitted a fan for ventilation and he should have been permitted to control the lights in his cell are part of his medical care claim, as Plaintiff alleges his asthma and glaucoma and/or cataracts necessitated those medical accommodations.

*Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

### D. Discrimination Claims

Plaintiff attempts to brings discrimination claims, citing to 42 U.S.C. § 1981 and 42 U.S.C. § 2000a. However, section 1981 prohibits racial discrimination in the making and enforcement of contracts, *Pittman v. Oregon, Employment Dept.*, 509 F.3d 1065, 1067 (9th Cir. 2007), and section 2000a prohibits discrimination in places of public accommodation, *U.S. v. Allen*, 341 F.3d 870, 876-77 (9th Cir. 2003); *Zochlinski v. Regents of University of California*, No. CIV 2:10-cv-1824-KJM-JFM (PS), 2011 WL 590877, at *6 (E.D. Cal. Feb. 10, 2011) (findings and recommendations in full on Aug. 11, 2011). Neither section is applicable here.

### E. ADA Claim

Finally, Plaintiff alleges a violation of the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 12132. "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *accord Simmons*, 609 F.3d at 1021; *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

Plaintiff has not alleged any facts supporting the existence of a viable ADA claim. Plaintiff allegedly needs earphones to hear his television, and he was unhappy with the earphones prescribed. However, "[t]he ADA prohibits discrimination because of disability, not inadequate treatment for disability," *Simmons*, 609 F.3d at 1022 (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)), and Plaintiff's amended complaint is devoid of any facts supporting a claim that he was discriminated against by any entity on the basis of his disability.

### III. Conclusion and Order

Plaintiff's amended complaint fails to state a claim under section 1983 or the ADA. Plaintiff was previously given notice of the deficiencies and provided with an opportunity to amend, and further leave to amend is not warranted based on the nature of the deficiencies.

*Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez*, 203 F.3d at 1130-31; *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, this action is HEREBY ORDERED DISMISSED, with prejudice, based on Plaintiff's failure to state claim.  The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

Dated:   **April 8, 2014**                              **/s/ Sheila K. Oberto**
                                                                         UNITED STATES MAGISTRATE JUDGE