KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Supervising Deputy Attorney General
J. SCOTT SMITH, State Bar No. 151163
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 445-7397
  Fax: (916) 324-5205
  E-mail: Scott.Smith@doj.ca.gov
*Attorneys for Defendants*
*Nguyen, Wong, Clark, McGuinness, Macias,*
*Neubarth, Kim, Nereddy, Liberstien, Rouch, Sisoda,*
*Pringle Champain and Briggs*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **RENO RIOS,**<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>**CONNIE GIPSON, et al.,**<br><br>　　　　　　　　　　Defendants. | 1:12-cv-01334 LJO-SKO (PC)<br><br>**DEFENDANT NGUYEN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:<br>Time:<br>Courtroom:<br>Judge:　　The Honorable Sheila K. Oberto<br>Trial Date:<br>Action Filed:　August 16, 2012 |

Defendant Nguyen hereby answers the First Amended Complaint (Complaint) of Plaintiff Reno Rios and demands a trial by jury under Federal Rule of Civil Procedure 38 to the extent provided by law. Except for those allegations expressly admitted herein, Defendant denies every allegation in the complaint.

## ADMISSIONS AND DENIALS

1. In response to paragraph 1 of the Complaint, this paragraph states legal conclusions which are not subject to admission or denial. However, to the extent that paragraph 1 implies any factual allegations, those allegations are denied.

2. In response to paragraphs 2, 3, and 5 of the Complaint, Defendant denies the allegations. There is no paragraph 4.

3. In response to the allegations in paragraph 6 of the Complaint, they are no longer relevant as they address claims which have been dismissed by a screening order issued under 28 U.S.C. § 1915A. To the extent any relevant allegations can be implied into paragraph 6, those allegations are denied.

4. In response to paragraphs 7, 8, and 9 of the Complaint, those paragraphs state legal conclusions which are not subject to admission or denial. However, to the extent these paragraphs imply any factual allegations, those allegations are denied.

5. In response to paragraph 10 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in paragraph 10 and on that basis the allegations are denied.

6. In response to the allegations in paragraph 11 of the Complaint, Defendant admits that Plaintiff is an inmate serving a life sentence. Defendant denies that Plaintiff is currently housed in the Security Housing Unit of the California State Prison, Corcoran (hereinafter CSP-Corcoran). Defendant lacks sufficient information to admit or deny the remaining allegations of paragraph 11 and on that basis the allegations are denied.

7. In response to paragraph 12 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations and, on that basis, the allegations are denied.

8. In response to the allegations in paragraphs 13 and 14 of the Complaint, those allegations are no longer relevant as they address claims which have been dismissed by a screening order issued under 28 U.S.C. § 1915A. To the extent any relevant allegations can be implied into paragraph 13, those allegations are denied.

9. In response to the allegations contained in paragraphs 15, 16, and 17 of the Complaint, Defendant denies them.

10. In response to paragraph 18 of the Complaint, Defendant admits that Plaintiff was housed in the Security Housing Unit of CSP-Corcoran. Defendant denies the remaining allegations in paragraph 18.

11. In response to paragraphs 19 and 20 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations and on that basis the allegations are denied.

12. In response to the allegations in paragraphs 21 and 22 of the Complaint, Defendant denies them.

13. In response to the allegations in paragraphs 23 and 24 of the Complaint, they are no longer relevant as they address claims which have been dismissed by a screening order issued under 28 U.S.C. § 1915A. To the extent any relevant allegations can be implied into paragraphs 22 and 23, those allegations are denied.

14. In response to the allegations in paragraphs 25-32 of the complaint, Defendant denies them.

15. In response to the allegations in paragraph 33 of the Complaint, they are no longer relevant as they address claims which have been dismissed by a screening order issued under 28 U.S.C. § 1915A. To the extent any relevant allegations can be implied into paragraph 33, those allegations are denied.

16. In response to the allegations in paragraphs 34-47 of the Complaint, they are no longer relevant as they address claims which have been dismissed by a screening order issued under 28 U.S.C. § 1915A.

17. In response to the allegations in paragraph 48 of the Complaint, Defendant denies them.

18. In response to paragraphs 49-52 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained in these paragraphs, and on that basis the allegations are denied.

19. In response to the allegations contained in paragraph 53 of the Complaint, Defendant denies them.

Defendant Nguyen's Answer to Plaintiff's First Amended Complaint (1:12-cv-01334 LJO-SKO (PC))

20. In response to paragraphs 54-64 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations and on that basis, the allegations are denied.

21. In response to the allegations in paragraphs 65- 68 of the Complaint, they are no longer relevant as they address claims which have been dismissed by a screening order issued under 28 U.S.C. § 1915A. To the extent any relevant allegations can be implied into paragraphs 65, 66, 67, and 68, those allegations are denied.

22. In response to paragraph 69 of the Complaint, it purports to re-allege previous allegations and is therefore not subject to admission or denial.

23. In response to introductory portion of paragraph 70 of the Complaint, Defendant denies there was a violation of Plaintiff's rights under the Eighth Amendment to the United States Constitution.

24. In response to the allegations in paragraphs 70 (a)(b)(c)(f)(g) and (h) of the Complaint, they are no longer relevant as they address claims which have been dismissed by a screening order issued under 28 U.S.C. § 1915A. To the extent any relevant allegations can be implied into paragraphs 70(a)(b)(c)(f)(g) and (h) those allegations are denied.

25. In response to the allegations in in paragraphs 70(d)(e) and (i) of the Complaint, Defendant denies them.

26. In response to paragraph 71 of the Complaint, it purports to re-allege previous allegations and, as such, it is not subject to admission or denial.

27. In response to the entirety of paragraph 72 of the Complaint, including all of its subparagraphs, those allegations are no longer relevant as they address claims which have been dismissed by a screening order issued under 28 U.S.C. § 1915A. To the extent any relevant allegations can be implied from paragraph 72, those allegations are denied.

28. In response to the unnumbered paragraphs of section IX of the complaint, Defendant lacks sufficient information to admit or deny the allegations and on that basis the allegations are denied.

## AFFIRMATIVE DEFENSES

As and for separate and distinct affirmative defenses, Defendant alleges as follows.

## I. FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Plaintiff failed to properly exhaust his administrative remedies as required by 42 U.S.C. § 1997e by failing to timely submit inmate appeals properly naming Defendants or the issues sought to be redressed.

## II. STATUTE OF LIMITATIONS

Plaintiff failed to file his complaint within the time required by California Code of Civil Procedure section 335.1, as tolled by California Code of Civil Procedure section 352.1, in that some, or all, of Plaintiff's claims arose more than four years prior to the filing of the Complaint.

## III. QUALIFIED IMMUNITY

Defendant did not violate clearly established law of which a reasonable government officer would have known and Defendant is protected by qualified immunity.

## IV. FAILURE TO STATE FACTS

The complaint, and each cause of action alleged therein, fails to state sufficient facts to constitute a claim upon which relief may be granted.

## V. FAILURE TO MITIGATE

To the extent Plaintiff suffered any harm or injuries as alleged in the complaint, Plaintiff failed to take reasonable steps to mitigate the harm or injuries, and Plaintiff failed to take reasonable steps to prevent any injuries from getting worse over time.

## VI. CONTRIBUTORY FAULT

Plaintiff's unlawful or unreasonable conduct is the proximate cause of all or part of the injuries Plaintiff alleges to have suffered, if any such injuries are proven.

## VII. PUNITIVE DAMAGES

Plaintiff is not entitled to punitive damages because Defendant did not act with a malicious intent to deprive Plaintiff of any constitutional right or to cause other injury.

## VIII. ADDITIONAL DEFENSES

The Complaint is couched in conclusory terms and Defendant cannot fully anticipate all affirmative defenses that may be applicable. Accordingly, Defendant reserves the right to assert such defenses as are applicable.

## DEMAND FOR JURY TRIAL

Under Federal Rule of Civil Procedure 38, Defendant demands that this action be tried by a jury.

## PRAYER

WHEREFORE, Defendant pray judgment as follows:

1. Plaintiff take nothing by reason of this action;
2. Judgment be entered in favor of Defendant;
3. Defendant be awarded costs of suit and reasonable attorney's fees; and
4. Defendant be awarded such other relief as the Court deems proper.

Dated: February 16, 2016

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
MONICA N. ANDERSON
Supervising Deputy Attorney General

/s/ J. Scott Smith

J. SCOTT SMITH
Deputy Attorney General
*Attorneys for Defendants
Nguyen, Wong, Clark, McGuinness,
Macias, Neubarth, Kim, Nereddy,
Liberstien, Rouch, Sisoda, Pringle
Champain and Briggs*

SA2015302314
32394495.doc

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **Reno Rios v. Connie Gipson, et al.**
No.: **1:12-cv-01334 LJO-SKO (PC)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On February 16, 2016, I served the attached **DEFENDANT NGUYEN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Reno Fuentes Rios
E-33173
Kern Valley State Prison
P.O. Box 3130
Delano, CA 93216-3130
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 16, 2016, at Sacramento, California.

| N. Mosely | /s/ N. Mosely |
|---|---|
| Declarant | Signature |

SA2015302314
32385513.doc