# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO RIOS,<br><br>        Plaintiff,<br><br>    v.<br><br>GIPSON, et al.,<br><br>        Defendants. | **Case No. 1:12-cv-01334-LJO-SKO (PC)**<br><br>**ORDER DENYING PLAINTIF'S MOTION TO SUPPLEMENT THE PLEADINGS**<br><br>**(Doc. 29)** |

       Plaintiff, Reno Rios, is currently proceeding on his claims under 42 U.S.C. § 1983 in the First Amended Complaint for deliberate indifference to his serious medical conditions (asthma, nerve pain, and dental issues) in violation of the Eighth Amendment against Defendants Dr. Wong, Dr. Clark, Dr. Macias, Dr. Neubarth, Dr. Kim, Dr. Nereddy, Dr. Liberstein, Dr. Nguyen, Dr. Pringle, Dr. Shampain/Champain, Dr. Briggs, FNP Rouch, and PA Sisodia. (*See* Docs. 12, 21, 22.) On October 9, 2015, Plaintiff filed a motion to supplement the First Amended Complaint seeking to join additional defendants and claims. (Doc. 29.) On February 12, 2016, after being ordered to respond, Defendants filed an opposition. (*See* Docs. 36, 39.) Plaintiff failed to file a reply within the required time. The motion is deemed submitted. L.R. 230(l).

       This action is proceeding on Plaintiff's claim of deficient medical care in violation of the Eighth Amendment during the time he was housed in the Secured Housing Unit ("SHU") at

1

1 California State Prison-Corcoran ("CSP-Cor").  Approximately seven months after he filed the
2 First Amended Complaint, Plaintiff was transferred to Kern Valley State Prison ("KVSP").  (*See*
3 Docs. 12, 13.)  Plaintiff now seeks leave to supplement the First Amended Complaint to add
4 medical claims against health care providers at KVSP, for allegedly deficient medical care of
5 different medical conditions (loss of hearing, foot pain, dermatological issues, and vision
6 impairment) than those upon which he proceeds in this action (asthma, nerve pain, and dental
7 issues).  (*See* Docs.21, 22, 29.)

8 Pursuant to Rule 15(d), "the court may, on just terms, permit a party to serve a
9 supplemental pleading setting out any transaction, occurrence, or event that happened after the
10 date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  Rule 15(d) does not require the
11 moving party to satisfy a transactional test, but there must still be a relationship between the claim
12 in the original pleading and the claims sought to be added.  *Keith v. Volpe*, 858 F.2d 467, 474 (9th
13 Cir. 1988).  Thus, "[w]hile leave to permit supplemental pleading is favored, it cannot be used to
14 introduce a separate, distinct and new cause of action."  *Planned Parenthood of Southern Arizona*
15 *v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted).

16 Although Plaintiff attempts to support his request for leave to supplement by contending
17 that the care he received at KVSP is simply a continuation and extension of the deficient care he
18 received at CSP-Cor, his argument lacks merit.  The events are related only in that both involve
19 medical issues – nothing more.  To the extent they give rise to new claims for violation of
20 Plaintiff's federal rights, the deficiencies in medical care at KVSP of which Plaintiff complains
21 are separate, distinct, and new causes of action than those he is pursuing in this action.

22 This action has been pending for more than four years and the incidents giving rise to
23 Plaintiff's claims occurred approximately eight to nine years ago.  Allowing Plaintiff to add these
24 separate, distinct, and new claims at this juncture would not serve the interests of judicial
25 economy and convenience, and the proposed claims are simply not sufficiently related to the
26 present claim to support granting leave to supplement.  *Planned Parenthood*, 130 F.3d at 402;
27 *Keith*, 858 F.2d at 474.
28 / / /

Accordingly, Plaintiff's motion seeking leave to file a supplemental complaint, filed on October 9, 2015, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **March 10, 2016**                              **/s/ Sheila K. Oberto**
                                                         UNITED STATES MAGISTRATE JUDGE