# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO RIOS,<br><br>            Plaintiff,<br><br>    v.<br><br>GIPSON, et al.,<br><br>            Defendants. | Case No.  1:12-cv-01334-LJO-SKO (PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO FILE MOTION ON EXHAUSTION**<br><br>**(Doc. 56)**<br><br>**THIRTY DAY DEADLINE** |

### I.  Background

Plaintiff, Reno Rios, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On March 19, 2015, the United States Court of Appeals for the Ninth Circuit held that Plaintiff's amended complaint, filed on June 13, 2013, sets forth sufficient allegations to state claims for monetary damages arising from inadequate medical treatment for his asthma, nerve pain, and dental issues.[1]  28 U.S.C. § 1915A; Fed. R. Civ. P. 8; *Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012).  (Doc. 21.)  Mandate issued on July 7, 2015.  (Doc. 23.)

On August 31, 2016, Defendants filed a motion for extension of time, and request an extension of thirty days from the ruling on their motion to file a motion for summary judgment on

---

[1]  (Doc. 12, Amend. Compl., ¶¶19-22, 25, 26, 29, 30-32, 48-64.)

1

exhaustion grounds.  (Doc. 56.)

## II. Modification of Scheduling Order

Pursuant to F.R.Civ.P. 16(b)(3)(A), district courts must enter scheduling orders to establish deadlines for, among other things, to file motions and complete discovery.  "A schedule may be modified only for good cause and with the judge's consent."  F.R.Civ.P. 16(b)(4).  This standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  However, there are a number of factors that may be considered such as:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995) *vacated on other grounds*, 520 U.S. 939, 117 S. Ct. 1871 (1997) citing *Smith v. United States,* 834 F.2d 166, 169 (10th Cir.1987).

Here, trial is not imminent.  While the time for Plaintiff to file an opposition to Defendant's motion for an extension of time has not yet lapsed, early consideration of Defendant's motion is appropriate because the new deadline will expire before the deadline for filing an opposition and reply to this motion.  Additionally, following remand from the Ninth Circuit via mandate, Defendants' request for additional time to determine which of the Defendants were involved with the various aspects Plaintiff's medical issues appears reasonable.  Although Defendants' requested extension of time is granted, discovery on all issues shall remain open as this aging case must move forward.

Defendants' motion for extension of time implies that they intend to rely heavily, if not exclusively, on the detailed requirements of section 3084.2 of Title 15 in any motion regarding exhaustion.  Any such motion will be subject to summary dismissal absent a showing that the specific requirements of § 3084.0 *et seq*. were made known to Plaintiff at the time he filed any inmate appeals which are attacked as insufficient.  *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016)

(administrative remedies that are "essentially 'unknowable'" are unavailable).

**III.    Order**

Accordingly, it is HEREBY ORDERED that:

(1) Defendants' motion to modify dates in the scheduling order, filed on August 31, 2016, is GRANTED and the Discovery and Scheduling Order is MODIFIED as follows:

    a. the deadline for filing motions for summary judgment under Federal Rule of Civil Procedure 56 for failure to exhaust administrative remedies is extended to thirty days after the date of service of this order;

    b. discovery shall remain open on all issues; and

(2) other than the above modification of deadlines, all requirements of the Discovery and Scheduling Order which issued on February 18, 2016, (Doc. 43), remain in effect.

IT IS SO ORDERED.

Dated:    **September 1, 2016**                    /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE