# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO RIOS,<br><br>        Plaintiff,<br><br>    v.<br><br>GIPSON, et al.,<br><br>        Defendants. | **Case No. 1:12-cv-01334-LJO-SKO (PC)**<br><br>**ORDER MODIFYING THE DISCOVERY AND SCHEDULING ORDER**<br><br>**(Docs. 60, 61)**<br><br>Exhaustion Motion Filing Deadline**: November 1, 2016**<br>Deadline to Amend Pleadings**: December 30, 2016**<br>Discovery Deadline**: March 3, 2017**<br>Dispositive Motion Deadline**: May 5, 2017** |

## I.   Background

Plaintiff, Reno Rios, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 which he filed on August 16, 2012.  (Doc. 1.)  Upon screening, the action was dismissed for failure to state a claim and judgment was entered on April 9, 2014.  (Docs. 14, 15.)  Following Plaintiff's appeal, the Court affirmed in part, reversed in part, and remanded the action.  (Docs. 21, 23.)  Service was ordered on July 24, 2015; Defendants filed their answer on November 3, 2015; and discovery opened on November 6, 2015.  (Docs. 26, 30, 32.)

On September 26, 2016, Plaintiff filed a motion for an extension of time to an unspecified date in November of 2016 to amend the pleadings and to complete any other obligation he may have to respond in this action.  (Doc. 60.)  On September 30, 2016, Defendants filed a motion for

1

a two week extension of time, up to and including October 17, 2016, to file a motion for summary judgment asserting that Plaintiff did not exhaust available administrative remedies prior to filing suit. (Doc. 61.)  Because both sides have shown good cause, their motions are granted and the Discovery and Scheduling Order is modified.

**II.     Modification of Scheduling Order**

Pursuant to F.R.Civ.P. 16(b)(3)(A), district courts must enter scheduling orders to establish deadlines for, among other things, filing of motions and completion of discovery.  "A schedule may be modified only for good cause and with the judge's consent."  F.R.Civ.P. 16(b)(4).  This standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  However, there are a number of factors that may be considered such as:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995) *vacated on other grounds*, 520 U.S. 939, 117 S. Ct. 1871 (1997) citing *Smith v. United States,* 834 F.2d 166, 169 (10th Cir.1987).

Defendants request an extension of the exhaustion motion filing deadline because current counsel took over this case on September 1, 2016, and just recently discovered that the planned declarant had not been the Appeals Coordinator during the entire applicable time periods. (Doc. 61.) The two Appeals Coordinators at Corcoran State Prison ("CSP") from February 2008 (when Plaintiff arrived at CSP), to August 2012 (when Plaintiff filed this action), have retired and need to be contacted as their declarations are requisite to Defendants' motion. (*Id.*)

Plaintiff requests an extension of time to amend the pleadings as he is currently scheduled for transfer to Sacramento to prepare for and attend a trial, beginning on October 31, 2016, in another case. (Doc. 60.)  Plaintiff requests "to extend the time to amend his pleadings and to respond [sic] any other motion filed by the defendants until his jury trial is over by November

2016." (*Id.*, at p. 2.) Although there are no pending motions which require Plaintiff's response at this time, Plaintiff may not receive any filed motions while he is in Sacramento for the trial in his other case, thereby justifying the extension granted below.

As to both sides' motions, trial is not imminent. While the time for oppositions to the parties' motions seeking extensions has not yet lapsed, early consideration of their motions are appropriate since both sides will benefit from the extensions. Neither side will be prejudiced by the extensions of time sought. Further, the current stature of this case was caused by remand from the Ninth Circuit via mandate.[1] While Defendants' requested extension of time to file a motion raising exhaustion issues is granted, discovery on all issues shall remain open as this aging case must move forward. Further, discovery on all issues must proceed to provide Plaintiff with an opportunity to ascertain any necessary factual issues in support of an amendment. Finally, the extensions of time granted require corresponding extensions of the deadlines for completion of discovery and for filing dispositive motions.

**III.   Order**

Accordingly, it is HEREBY ORDERED that:

(1) Defendants' and Plaintiff's motions to modify the scheduling order are GRANTED and the Discovery and Scheduling Order is MODIFIED as follows:

  a. the deadline for filing motions for summary judgment under Federal Rule of Civil Procedure 56 for failure to exhaust administrative remedies is extended to **November 1, 2016;**

  b. the deadline for amending the pleadings is extended to **December 30, 2016**;

  c. discovery shall remain open on all issues and the deadline for all

---

[1] On March 19, 2015, the United States Court of Appeals for the Ninth Circuit held that Plaintiff's amended complaint, filed on June 13, 2013, sets forth sufficient allegations to state claims for monetary damages arising out of inadequate medical treatment for his asthma, nerve pain, and dental issues as stated in paragraphs 19-22, 25, 26, 29, 30-32, 48-64 of the Amended Complaint (Doc. 12). 28 U.S.C. § 1915A; Fed. R. Civ. P. 8; Colwell v. Bannister, 763 F.3d 1060, 1068 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1116 (9th Cir. 2012). (Doc. 21.) Mandate issued on July 7, 2015. (Doc. 23.)

discovery, including motions to compel further responses is extended to **March 3, 2017;** and

    d.    the deadline for filing dispositive motions is extended to **May 5, 2017.**

(2) other than the above modification of deadlines, all requirements of the Discovery and Scheduling Order issued on February 18, 2016, (Doc. 43), remain in effect; and

(3) **December 7, 2016** is the deadline for Plaintiff to respond to any motions filed and discovery served on him prior to November 15, 2016.

IT IS SO ORDERED.

Dated:   **October 7, 2016**                    /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE