KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
MICHELLE L. ANGUS, State Bar No. 210031
Supervising Deputy Attorney General
WILLIAM J. DOUGLAS, State Bar No. 125079
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-5596
 Fax: (916) 324-5205
 E-mail: William.Douglas@doj.ca.gov
*Attorneys for Defendants Briggs, Clark, Kim,
Liberstein, Macias, McGuinness, Nareddy,
Neubarth, Nguyen, Pringle, Rouch, Shampain, Wang*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **RENO RIOS,** <br><br> Plaintiff, <br><br> v. <br><br> **CONNIE GIPSON, et al.,** <br><br> Defendants. | 1:12-cv-01334 LJO-SKO (PC) <br><br> **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES** |

Plaintiff Rios is a state prisoner who filed the present civil rights action without first exhausting his administrative remedies as to all claims, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). The undisputed evidence shows that Plaintiff failed to administratively exhaust two deliberate indifference claims before filing suit:

(1) dental care; and

(2) medication for chronic conditions, including asthma.

Plaintiff did file appeals on these two issues. However, he exhausted his dental care claim after filing suit, and he did not exhaust his claim for medication beyond the Second Level of review. Thus, the Court should grant Defendants' Motion for Summary Judgment as to

1

Plaintiff's claims of deliberate indifference regarding his dental cares and medications for his chronic conditions including asthma. In addition, should the Court grant Defendants' motion in regards to the dental care claim, Defendants Briggs, Pringle, and Shampain should be dismissed because the dental care claim is the only claim against these Defendants.

Should the Court determine that any genuine disputes of material facts exist, Defendants request that the Court hold a preliminary proceeding to resolve any such disputes, before the parties proceed to the merits of the case.

## RELEVANT PROCEDURAL HISTORY

The operative pleading in this matter is Plaintiff's First Amended Complaint (Complaint). (ECF No. 12.) The Complaint alleges that while Plaintiff was housed at Corcoran, he received constitutionally inadequate medical care for vision impairments, hearing impairments, dry skin, plantar fasciitis, asthma, and nerve pain. (*See*, Ninth Circuit Memorandum Summarizing Plaintiff's Claims, ECF No. 21 at 3-4.) On April 9, 2014, this Court entered a screening order dismissing all of Plaintiff's claims without leave to amend. (ECF No. 16.) Plaintiff appealed, and the Ninth Circuit reversed in part and affirmed in part. (ECF No. 21.) The Ninth Circuit upheld the dismissal of Plaintiff's claims relating to vision and hearing impairments, dry skin, and plantar fasciitis. (*Id.* at 2.) The Ninth Circuit also upheld dismissal of Plaintiff's injunctive relief claims because they had been rendered moot by Plaintiff's transfer to Kern Valley State Prison. (*Id*. at 3.)

However, the Ninth Circuit reversed the dismissal of Plaintiff's claims relating to medication for chronic conditions, nerve pain, and dental care. (ECF No. 21 at 3-4.) The Ninth Circuit reasoned that dismissal of these claims was "premature" because Plaintiff claimed to have been denied care due to budgetary constraints alone. (*Id*. at 3-4.) This allegation left open the possibility that Defendants knowingly were providing medically unacceptable care. (*Id*.)

Therefore, the only claims left in this case are relating to asthma, nerve pain, and dental care. As set forth in the Facts section below, only one of these claims (nerve pain) was exhausted prior to the commencement of this case; Plaintiff has not exhausted his claims based on the issues of dental care and medication for chronic conditions.

2

Defendants' Motion for Summary Judgment Regarding Plaintiff's Failure to Exhaust Administrative Remedies
(1:12-cv-01334 LJO-SKO (PC))

## FACTS REGARDING EXHAUSTION

At all times relevant to his complaint, Plaintiff Reno Rios has been incarcerated at the California State Prison, Corcoran (COR) in Corcoran, California. (DUF No. 1.) Plaintiff initiated this lawsuit on August 16, 2012. (DUF No. 2.) Inmates at Corcoran have the right to appeal any policy, decision, action, condition or omission by the department or its staff that the inmate can demonstrate as having a material adverse effect upon his health safety or welfare. (DUF No. 3.)

During 2008-2013, inmates were informed of appeal procedures and Title 15 regulations through the institutional television channel, and copies of Title 15 were available in the inmate library. (DUF No. 4.) The inmate's Correctional Counselor was available to answer questions regarding the inmate appeal process. In addition, the Appeals Coordinator and Healthcare Appeals Coordinator would answer inmates' questions regarding the inmate appeal process. (DUF No. 5.)

During 2008-2013, inmates were informed of any changes in appeal procedures and Title 15 regulations through the institutional television channel, and copies of the current Title 15 were available in the inmate library. (DUF No. 6.) Inmate appeals are submitted on Form 602. (DUF No. 7.) During 2007-2013, Form 602s were available to inmates at Corcoran in the dayrooms, libraries, and through the inmate's Correctional Counselor. In addition, institutional staff was available to assist inmates in obtaining forms to submit appeals upon an inmate's request. (*Id.*)

During 2008-2013, there were designated boxes where appeals from inmates were placed for collection and forwarding to the appeals office. (DUF No. 8.) Inmates could generally send out their appeals by placing them in the slot opening in their cell doors. Additionally, inmates would send their appeals via outgoing mail, whether directed outside the prison or to an internal prison office. Correctional officers would collect the inmates' outgoing mail from their cell doors. (*Id.*)

The appeals were collected from the box by the building sergeant, who sorted the informal and formal level appeals. (DUF No. 9.) The building sergeant placed the formal level appeals into a designated box for delivery to the appeals office. (*Id.*) The formal level appeals were

3

Defendants' Motion for Summary Judgment Regarding Plaintiff's Failure to Exhaust Administrative Remedies
(1:12-cv-01334 LJO-SKO (PC))

delivered to the appeals office by mail room staff. Appeals are delivered to the appeals office every mail day. (*Id*.)

All levels of health care appeals are tracked through a computer database known as the Health Care Appeals and Risk Tracking System (HCARTS). (DUF No. 10.) This system tracks inmate health care appeals that are processed by the institutions at the first and second levels of review, as well as those processed by the ICAB and adjudicated at the third level. (*Id*.) HCARTS also tracks health care appeals that were received and ultimately rejected and the reason for the rejection. (*Id*.) The HCARTS is kept as a regularly conducted activity, and the computer entries are made at or near the time of the occurrence by the employee who is processing the appeal. (*Id*.)

Between February 2007 to September 2015, Plaintiff submitted only two health care appeals relating to conditions at Corcoran that ICAB accepted for third level review and were exhausted: Appeal Tracking No. COR HC 12049729 and Appeal Log No. COR HC 11013761. (DUF No. 11.)

1. <u>Appeal Tracking No. COR HC 12049729, Institutional Log No. CSPC-6-12-00859.</u> This appeal involves Plaintiff's claims of inadequate dental care, specifically in regard to the denial to provide him with dental implants for missing teeth. (DUF No. 12.) Appeal Tracking No. COR HC 12049729 was denied at the third level of formal review on July 5, 2013. (DUF No. 13)

2. <u>Appeal Log No. COR HC 11013761; Institutional Log Number COR-09-11-10109.</u> This appeal involves Plaintiff's claims of nerve damage and requests for medication and did not concern issues related to his dental care or asthma issues. (DUF No. 14.) Appeal Log No. COR HC 11013761 was denied at the third level of formal review on August 23, 2011. (DUF No. 15.)

While at Corcoran between February 2007 to September 2015, Plaintiff submitted three health care appeals that were not exhausted: Appeal Tracking Number COR HC 11042133, Appeal Tracking Number COR HC 11039504; Appeal Tracking Number COR HC 11039499. (DUF No. 16.)

3. <u>Appeal Tracking Number COR HC 11042133; Institutional Log Number COR-09-08-17020.</u> This appeal involves complaints by Plaintiff regarding a psychological evaluation. (DUF No. 17.) Appeal tracking number COR HC 11042133 was rejected at the second level of formal

4

review on December 19, 2008. (DUF No. 18.) Plaintiff did not resubmit Appeal tracking number COR HC 11042133 and thus, the appeal was not reviewed beyond the first formal level of review. (DUF No. 19.)

4. <u>Appeal Tracking Number COR HC 11039504; Institutional Log Number 08-02071.</u> This appeal involves complaints by Plaintiff regarding inadequate medical care for his chronic health problems, including medication for asthma. (DUF No. 20.) Appeal tracking number COR HC 11039504 was accepted for review at the first level of formal review on May 2, 2008, and was partially granted on June 3, 2008, in that the reviewer found that Plaintiff was receiving the proper medications for the described conditions. (DUF No. 21.) Plaintiff was dissatisfied with the first level response and sought review at the second level. (DUF No. 18.) (Robinson Decl. ¶ 22.)

Appeal tracking number COR HC 11039504 was accepted for second level of review on June 23, 2008, and partially granted on June 25, 2008, in that the reviewer found that Plaintiff was prescribed the proper medications. (DUF No. 23.) Plaintiff did not pursue Appeal tracking number COR HC 11039504 beyond the second level of review. (DUF No. 24.)

5. <u>Appeal Tracking Number COR HC 11039499 (no institutional log number).</u> This appeal involved medical records and Plaintiff' request for copies of his Unified Health Care Record. (DUF No. 25.) (Robinson Decl. ¶ 16.) Appeal Tracking Number COR HC 11039499 was received and accepted at the informal level of review on April 21, 2008, and partially granted on May 5, 2008. (DUF No. 26.) Inmate Plaintiff did not pursue Appeal Tracking Number COR HC 11039499 beyond the informal level of review. (DUF No. 27.)

Plaintiff did not file any other health care appeals during his time at COR from February 2007 through 2012. (DUF No. 28.)

The HCART indicates Plaintiff filed three Americans with Disabilities Act (ADA) appeals; Appeal Tracking No. COR ADA 11000247, Appeal Tracking No. COR ADA 11000295, and Appeal Tracking No. COR ADA 11001969. (DUF No. 29.)

5

Defendants' Motion for Summary Judgment Regarding Plaintiff's Failure to Exhaust Administrative Remedies
(1:12-cv-01334 LJO-SKO (PC))

1.   Appeal Tracking No. COR ADA 11000247, Institutional Log No. 09-02616, involved Plaintiff' claims of plantar fasciitis and a "wide foot" and requested prosthetic boots. (DUF No. 30.)

2.   Appeal Tracking No. COR ADA 11000295, Institutional Log No. 09-2710, involved Plaintiff' claims of hearing and vision loss and requested a hearing aid. (DUF No. 31.)

3.   Appeal Tracking No. COR ADA 11001969, Institutional Log No. 08-03487, also involved Plaintiff' claims of plantar fasciitis and a "wide foot" and requested prosthetic boots. (DUF No. 32.)

## LEGAL STANDARD FOR SUMMARY JUDGMENT

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) ("[A]t the summary judgment stage the judge's function is . . . to determine whether there is a genuine issue for trial."). Summary judgment is appropriate when the materials in the record show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard, summary judgment can be granted even where factual disputes exist between the parties, so long as there is "no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original) ("Factual disputes that are irrelevant or unnecessary will not be counted.")

In resolving a summary judgment motion, the court must view the evidence and draw all reasonable inferences in the nonmoving party's favor. *Anderson,* 477 U.S. at 255. The court need not draw all possible inferences in that party's favor, only those that are reasonable. *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1065 n.10 (9th Cir. 2002). Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris,* 550 U.S. 372, 380 (2007).

6

Defendants' Motion for Summary Judgment Regarding Plaintiff's Failure to Exhaust Administrative Remedies
(1:12-cv-01334 LJO-SKO (PC))

# LEGAL STANDARD FOR SUMMARY JUDGMENT ON EXHAUSTION

The PLRA outlines specific requirements for prisoner lawsuits challenging conditions of confinement. 42 U.S.C. § 1997e. One such requirement is that prisoners exhaust all administrative remedies before seeking judicial relief: "[N]o action shall be brought with respect to prison conditions under [Section 1983], or any other Federal Law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, the PLRA's exhaustion requirement is a prerequisite for all inmate lawsuits about prison life. *See Jones v. Bock,* 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.") (citation omitted). Prisoners must comply with a prison system's appeals procedures in order to satisfy exhaustion. *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006). Thus, appeals must proceed through the highest administrative level of review available within the prison system before seeking judicial relief. *See, e.g., Brown v. Valoff*, 422 F.3d 926, 934-35, 944-45 (9th Cir. 2005); *Booth v. Churner*, 532 U.S. 731, 741 & n.6 (2001).

Because CDCR is entitled to a fair and full opportunity to adjudicate an inmate's claims, it established a grievance system designed to "alert the prison as to the nature of the wrong for which redress is sought." *Woodford,* 548 U.S. at 90; *Griffin v. Arpaio,* 557 F.3d 1117, 1120 (9th Cir. 2009). In order to provide the prison with full and fair notice, inmates must comply with the procedural requirements for filing grievances in order to properly exhaust administrative remedies. *Woodford,* 548 U.S. at 93.

Dismissal of a claim or action for failure to exhaust administrative remedies is properly sought in a motion for summary judgment under Federal Rule of Civil Procedure 56. *Albino v. Baca,* 747 F.3d 1162, 1168 (9th Cir. 2014). If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. *Albino,* 747 F.3d at 1169. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts. *Id.* at 1166. The question of exhaustion "should be decided, if feasible, before reaching the merits of a prisoner's claim." *Id.* at 1170.

7

Defendants' Motion for Summary Judgment Regarding Plaintiff's Failure to Exhaust Administrative Remedies
(1:12-cv-01334 LJO-SKO (PC))

Failure to exhaust is an affirmative defense. *Jones v. Bock,* 549 U.S. 199, 216 (2007). The defendant bears the burden of proving there was an available administrative remedy left unexhausted by the inmate. *Albino,* 747 F.3d at 1172. A remedy is "available" when, as a practical matter, it is capable of use. *Brown v. Valoff,* 422 F.3d 926, 937 (9th Cir. 2005). If the defendant makes such a showing, the burden shifts to the inmate, "who must show there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *Williams v. Paramo,* 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting *Albino,* 747 F.3d at 1172).

## ARGUMENT

**I. THE UNDISPUTED FACTS SHOW THAT PLAINTIFF FAILED TO EXHAUST HIS CLAIM OF DELIBERATE INDIFFERENCE TO DENTAL CARE BEFORE FILING SUIT.**

Exhaustion must occur prior to filing suit. *McKinney v. Carey,* 311 F.3d 1198, 1199-1201 (9th Cir. 2002); *Laws v. Obert,* No. 2:14-CV-01466 DB, 2016 WL 5395943, at *3 (E.D. Cal. Sept. 26, 2016). Here Plaintiff exhausted his claim of deliberate indifference to dental care nearly a year after filing suit.

Plaintiff claims that Defendants Brigg, Shampain and Pringle were deliberately indifferent to his dental needs. (ECF No 12 at 15-19.) Plaintiff exhausted only one healthcare appeal regarding dental care: Appeal Tracking No. COR HC 12049729, Institutional Log No. CSPC-6-12-00859. (DUF 10, 29.) This appeal involves Plaintiff's claims of inadequate dental care, specifically in regard to the denial to provide him with dental implants for missing teeth. (DUF 11.) The same claim is alleged in Plaintiff's First Amended Complaint. (ECF No. 12 at 15-19.) Plaintiff also alleges in his First Amended Complaint that Appeal Tracking No. COR HC 12049729 was the appeal where he attempted to exhaust his dental care issues. (ECF No. 12 at 19:3-9.)

Appeal Tracking No. COR HC 12049729 was denied at the third level of formal review on July 5, 2013. (DUF 13.) Plaintiff initiated his lawsuit nearly a year earlier on August 16, 2012.

(DUF No. 2.) Thus, Plaintiff failed to exhaust his claim prior to bringing suit and Plaintiff's claim regarding deliberate indifference to dental care should be dismissed.

## II. THE UNDISPUTED FACTS SHOW THAT PLAINTIFF FAILED TO EXHAUST HIS CLAIM OF DELIBERATE INDIFFERENCE REGARDING MEDICATION FOR CHRONIC CONDITIONS.

Plaintiff claims that Defendants were deliberately indifferent by not providing the proper medications he was prescribed in the past for "chronic conditions" such as asthma. (ECF No 12 at 7-9.) Plaintiff submitted only one healthcare appeal regarding medication for these chronic conditions: Appeal Tracking Number COR HC 11039504. (DUF 12-25, 29.) Plaintiff did not pursue Appeal tracking number COR HC 11039504 beyond the second level of review. (DUF 20-25.) Thus, Plaintiff failed to exhaust his claim prior to bringing suit and Plaintiff's claim regarding deliberate indifference to dental care should be dismissed.

## III. DEFENDANTS REQUEST A HEARING, IF NECESSARY.

The Ninth Circuit held in *Albino v. Baca* that courts should resolve issues of exhaustion "at the outset of the litigation," through a "preliminary proceeding," if required to resolve any factual disputes. Albino v. Baca, 747 F.3d at 1168, 1170-71. Therefore, to the extent that the Court finds any genuine disputes of material fact regarding exhaustion, Defendants request that the Court set a "preliminary proceeding" to resolve any such disputes before the parties proceed to the merits of this case. Defendants also request that they not be required to respond to any discovery requests unrelated to the issue of exhaustion until the Court makes its ruling on this motion.

/ / /

/ / /

/ / /

9

Defendants' Motion for Summary Judgment Regarding Plaintiff's Failure to Exhaust Administrative Remedies
(1:12-cv-01334 LJO-SKO (PC))

## CONCLUSION

The undisputed facts in the record show that Plaintiff did not properly exhaust his claims of deliberate indifference regarding his dental care and medications for chronic conditions. Accordingly, Defendants request that the Court grant this motion, dismiss Plaintiff's claims except the claim related to nerve damage, and dismiss Defendants Briggs, Pringle, and Shampain from this action.

Dated: November 1, 2016

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
MICHELLE L. ANGUS
Supervising Deputy Attorney General

*/s/ William J. Douglas*

WILLIAM J. DOUGLAS
Deputy Attorney General
*Attorneys for Defendants Briggs, Clark, Kim, Liberstein, Macias, McGuinness, Nareddy, Neubarth, Nguyen, Pringle, Rouch, Shampain, Wang*

SA2015302314
12410363.doc

10

Defendants' Motion for Summary Judgment Regarding Plaintiff's Failure to Exhaust Administrative Remedies (1:12-cv-01334 LJO-SKO (PC))