# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO FUENTES RIOS,<br><br>          Plaintiff,<br><br>     v.<br><br>GIPSON, et al.,<br><br>          Defendants. | 1:12-cv-01334-LJO-SKO (PC)<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FOR FAILURE TO PROSECUTE<br><br>(Docs. 65, 66)<br><br>30 DAY DEADLINE |

    Plaintiff, Reno Rios, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On November 1, 2016, Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 asserting Plaintiff's failure to exhaust administrative remedies prior to filing suit. (Doc. 65.) On November 2, 2016, a Second Informational Order issued informing Plaintiff of the requirements for opposing a motion to dismiss and his duty to file either an opposition or a statement of non-opposition. (Doc. 66.) Plaintiff was also ordered to file his responsive document within twenty-one (21) days. (Doc. 66.) More than thirty days have passed without Plaintiff having filed a pleading.

    The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of*

1

*Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is ORDERED to show cause within thirty (30) days of the date of service of this Order why the action should not be dismissed for his failure comply with the Court's order and for his failure to prosecute this action.  Alternatively within that same time, Plaintiff may file an opposition or statement of non-opposition.

IT IS SO ORDERED.

Dated:  **December 2, 2016**             /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE