# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO FUENTES RIOS,<br><br>Plaintiff,<br><br>v.<br><br>GIPSON, et al.,<br><br>Defendants. | 1:12-cv-01334-LJO-SKO (PC)<br><br>**ORDER ON PLAINTIFF'S DISCOVERY MOTION**<br><br>(Doc. 77) |

**I.    Background**

Plaintiff, Reno Fuentes Rios, is a state prisoner proceeding *pro se* and *in forma pauperis* filed this civil rights action on August 16, 2012. This action is proceeding, following remand from the United States Court of Appeals for the Ninth Circuit, on Plaintiff's claims in the First Amended Complaint for inadequate medical treatment of his chronic conditions (such as asthma and nerve pain).[1] On May 18, 2017, Plaintiff filed a motion to compel further responses to interrogatories he propounded on Defendants. (Doc. 77.) Defendants filed an opposition and Plaintiff filed a reply. (Docs. 78, 79.) The motion is deemed submitted. L.R. 230(*l*).

**II.    Analysis**

Parties are entitled to seek discovery of any non-privileged matter that is relevant to any claim and/or defense in the action. Fed. R. Civ. P. 26(b)(1). The discovery sought may include information that is not admissible as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* This defines the scope of discovery in federal civil

---

[1] *See* Doc. 12, Amend. Compl., ¶¶19-22, 25, 26, 29, 30-32, 48-64; Doc. 21, 9th Cir. Memo; Doc. 23, 9th Cir. Mandate; *see also* Doc. 83, granting summary judgment and dismissing Plaintiff's dental claims without prejudice.

1

litigation in general. The party responding to discovery requests shall use common sense and reason. *E.g.*, *Collins v. Wal-Mart Stores, Inc.,* No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). Hyper-technical, quibbling, or evasive objections are not viewed with favor. Further, the responding party has a duty to supplement any previously provided responses if the information sought is later obtained, or the response provided needs correction. Fed. R. Civ. P. 26(e).

If the responding party objects to a discovery request, it is the moving party's burden, in a motion to compel, to demonstrate why the objection is not justified. In general, the moving party must inform the Court which discovery requests are the subject of the motion to compel and, for each disputed response, inform the Court why the information sought is relevant, why the response is deficient, and why any objections raised are not justified.

Under Federal Rule of Civil Procedure 33(a)(1), a party may serve on any other party no more than twenty-five written interrogatories, including all discrete subparts. The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). Failure to timely serve responses waives objections to the interrogatories. Fed. R. Civ. P. 33(b)(4).

Although Plaintiff repeatedly contends that Defendants failed to provide accurate responses to his interrogatories, Plaintiff fails to specifically identify any interrogatory response he believes is deficient. Plaintiff has, however, attached a copy of Defendants' responses to two sets of his interrogatories. (Doc. 77, Exhs. B & C, pp. 38-80.) A review of the responses reveals that despite the objections raised, and without waiving any objections, Defendants responded to the vast majority of Plaintiff's interrogatories. Plaintiff fails to identify the alleged deficiencies in Defendants' responses, and the Court declines to expend its limited resources reviewing numerous pages of interrogatories and responses in an attempt to uncover alleged deficiencies that Plaintiff has failed to identify – as is his burden.

Plaintiff also fails to point to any objection by Defendants to a specific interrogatory which he believes lacks merit. Plaintiff does, however, dispute the justification for Defendants' objection that Plaintiff exceeded the scope of Rule 33 by propounding more than twenty-five

2

written interrogatories.  To the extent Defendants' objection is based on the *total* number of interrogatories propounded by Plaintiff, and not to the specific number of interrogatories propounded on any single Defendant, it is OVERRULED.  Rule 33 allows any party to propound up to twenty-five interrogatories on any opposing party, thereby allowing Plaintiff to propound up to twenty-five interrogatories on *each individual Defendant*.

Finally, although Plaintiff states that Defendants have not provided verifications for all of the responses to his discovery requests, he fails to identify which Defendants' discovery requests lack verification.  Defendants acknowledge that because Plaintiff propounded numerous sets of discovery on various Defendants, they may not have provided verifications for each Defendant's discovery responses, and offer to provide any additional verifications that may be lacking.  Plaintiff must identify which verifications are lacking and Defendants shall provide them.

### III.  Conclusion

Accordingly, with regard to Plaintiff's discovery motion filed on May 18, 2017, it is **HEREBY ORDERED** as follows:

1. Plaintiff's motion to compel further responses to his interrogatories from any of the Defendants is DENIED;
2. Defendants' objection that Plaintiff has propounded more than twenty-five interrogatories on them as a whole is OVERRULED;
3. Within fourteen (14) days of the date of service of this order, Plaintiff SHALL serve on Defendants a list of discovery requests that lack verifications and the corresponding Defendants who have not yet provided such verifications; and
4. Within thirty (30) days of the date of service of this order, Defendants SHALL serve on Plaintiff the verifications identified in paragraph 3.

IT IS SO ORDERED.

Dated:   **September 26, 2017**              /s/ *Sheila K. Oberto*
                                                                            UNITED STATES MAGISTRATE JUDGE