# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO RIOS,<br><br>            Plaintiff,<br><br>   v.<br><br>GIPSON, et al.,<br><br>            Defendants. | **Case No. 1:12-cv-01334-LJO-SKO (PC)**<br><br>**ORDER EXTENDING THE DISPOSITIVE MOTION FILING DEADLINE**<br><br>**(Doc. 86)**<br><br>**DEADLINE: February 2, 2018** |

**I.      Background**

Plaintiff, Reno Rios, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983, which he filed on August 16, 2012.  (Doc. 1.)  Upon screening, the action was dismissed for failure to state a claim and judgment was entered on April 9, 2014.  (Docs. 14, 15.)  Appeal was taken, resulting in reversal in part and remand.  (Docs. 21, 23.)

On November 9, 2017, Defendants filed a motion seeking to extend the deadline for filing dispositive motions.  (Doc. 86.)  Because Defendants have shown good cause, their motion is granted and the Discovery and Scheduling Order is modified.

/ / /

/ /

1

## II. Modification of Scheduling Order

Pursuant to F.R.Civ.P. 16(b)(3)(A), district courts must enter scheduling orders to establish deadlines for, among other things, filing of motions and completion of discovery. "A schedule may be modified only for good cause and with the judge's consent." F.R.Civ.P. 16(b)(4). This standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). However, there are a number of factors that may be considered such as:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995) *vacated on other grounds*, 520 U.S. 939, 117 S. Ct. 1871 (1997) citing *Smith v. United States,* 834 F.2d 166, 169 (10th Cir.1987).

Defendants request an extension of the dispositive motion deadline because current counsel was recently reassigned to work exclusively on the *Coleman* class action, which is ongoing, and due to the number of defendants, claims, and upcoming holidays, it will be impossible to organize and prepare a dispositive motion by the current December 1, 2017 deadline. (Doc. 86.)

Trial is not imminent. While the time for filing oppositions to Defendants' motion has not yet lapsed, early consideration of the motion is appropriate as the extension applies to all parties to this action. The current posture of this case is the result of a remand from the Ninth Circuit via mandate resulting in the need for clarification of the parameters of Plaintiff's remaining claims.[1] While Defendants' requested extension of time to file a motion raising exhaustion issues is

---

[1] On March 19, 2015, the United States Court of Appeals for the Ninth Circuit held that Plaintiff's amended complaint, filed on June 13, 2013, sets forth sufficient allegations to state claims for monetary damages arising out of inadequate medical treatment for his asthma, nerve pain, and dental issues as stated in paragraphs 19-22, 25, 26, 29, 30-32, 48-64 of the Amended Complaint (Doc. 12). 28 U.S.C. § 1915A; Fed. R. Civ. P. 8; *Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012). (Doc. 21.) Mandate issued on July 7, 2015. (Doc. 23.)

granted, no other deadlines are affected.  However, due to the age of this case and the fact that this deadline has previously been extended, further motions for extensions will be viewed with disfavor.

**III.    Order**

Accordingly, it is HEREBY ORDERED that:

(1) Defendants' motion to modify the dispositive motion filing deadline, filed on November 9, 2017, (Doc. 86), is GRANTED;

(2) the deadline to file dispositive motions is extended to February 2, 2018; and

(3) other than the above modification of deadlines, all requirements of the Discovery and Scheduling Order which issued on February 18, 2016, (Doc. 43), remain in effect.

IT IS SO ORDERED.

Dated:     **November 13, 2017**                         /s/ *Sheila K. Oberto*
                                                                              UNITED STATES MAGISTRATE JUDGE