# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO RIOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CONNIE GIPSON, et al.,<br><br>　　　　Defendants. | 1:12-cv-01334-LJO-SKO (PC)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND EXPERT WITNESS**<br><br>**(Doc. 94)** |

## I. Introduction

Plaintiff, Reno Rios, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On March 1, 2018, Plaintiff filed a motion seeking the appointment of counsel and requesting to have an independent expert witness appointed. (Doc. 94.) The time for Defendants to respond has not yet lapsed. Local Rule 230(l). However, Defendants will not be prejudiced by an early ruling since Plaintiff's motion is denied.

## II. Plaintiff's Motion for Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

The court does not find the required exceptional circumstances in this case. Even assuming Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id*.

### III. Plaintiff's Motion for Appointment of Expert Witness

Federal Rule of Evidence 706 ("Rule 706") provides for court appointment of an expert witness upon a party's motion or on its own volition. "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . ." Fed. R. Evid. 702. The Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side. Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). However, where the costs would likely be apportioned to the government, the Court should exercise caution.

Plaintiff's *pro se*, *in forma pauperis* status alone is not grounds for the appointment of an expert witness to assist Plaintiff with his case and Rule 706 is not a meant to provide an avenue to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses. *Manriquez v. Huchins*, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. Nov. 21, 2012). Nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. *Faletogo v. Moya*, No.

2

12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013) (quotation marks omitted).

The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant. *Faletogo*, 2013 WL 524037, at *2; *Bontemps v. Lee*, No. 2:12-cv-0771 KJN P, 2013 WL 417790, at *3-4 (E.D. Cal. Jan. 31, 2013); *Honeycutt*, 2011 WL 6301429, at *1; *Wilds*, 2011 WL 737616, at *4; *Gamez v. Gonzalez*, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. Jun. 3, 2010). The medical issue in this case is not of such complexity so as to require the assistance of a neutral expert at this time. *Ford*, 291 F.3d at 1090; *Walker*, 180 F.3d at 1071.

## IV.    Order

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for the appointment of counsel and expert witness, filed on March 1, 2018, (Doc. 94), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:    **March 6, 2018**                     /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE