# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO FUENTES RIOS,<br><br>               Plaintiff,<br><br>     v.<br><br>CONNIE GIPSON, et al.,<br><br>               Defendants. | **1:12-cv-01334-LJO-SKO (PC)**<br><br>**ORDER ON PLAINTIFF'S MOTION TO STRIKE AND POSTPONE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(Doc. 95)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## I.  Background

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Upon screening, the action was dismissed for failure to state a claim and judgment was entered on April 9, 2014.  (Docs. 14, 15.)  Following Plaintiff's appeal, the Ninth Circuit affirmed in part, reversed in part, and remanded the action. [1]  (Docs. 21, 23.) Plaintiff proceeds in this action on his remaining claims under the Eighth Amendment for deliberate indifference to his serious medical needs regarding his asthma and nerve pain. [2,3]

---

[1]  (Doc. 12, Amend. Compl., ¶¶19-22, 25, 26, 29, 30-32, 48-64; Doc. 21, 9th Cir. Memo; Doc. 23, 9th Cir. Mandate.)

[2]  The United States Court of Appeals for the Ninth Circuit held that Plaintiff's amended complaint, filed on June 13, 2013, sets forth sufficient allegations to state claims for monetary damages arising out of inadequate medical treatment for his asthma, nerve pain, and dental issues. 28 U.S.C. § 1915A; Fed. R. Civ. P. 8; *Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012). (Doc. 21.)  Mandate issued on July 7, 2015. (Doc. 23.)  Defendants were subsequently granted summary judgment on Plaintiff's dental claim since he failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). (Docs. 65, 81, 83.)

[3]  Plaintiff contends he should also be allowed to proceed on claims pertaining to the appeals process and procedures because he has not abandoned any such claims.  Plaintiff contends that neither this Court, nor the Ninth Circuit addressed his claims regarding the deficient, unreliable inmate appeals process.  This Court found all such claims uncognizable (Doc. 14, pp. 5-6), and the Ninth Circuit did not reverse and remand the finding on that claim

1

On February 2, 2018, Defendants filed a motion for summary judgment. (Doc. 88.) After receiving an extension of time to file an opposition or statement of non-opposition, Plaintiff filed a motion to strike and postpone ruling on Defendants' motion. (Doc. 95.) Defendants filed their opposition and Plaintiff filed a reply. (Docs. 97, 100.) Plaintiff's motion is deemed submitted. L.R. 230(l).

## II.     Deferred Consideration of Defendants' Motion for Summary Judgment

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), Plaintiff bears the burden of submitting: (1) a declaration setting forth the specific facts Plaintiff hopes to elicit from further discovery, (2) a showing that the facts exist, and (3) a showing that the facts are essential to opposing the motion for summary judgment. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009); *Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011); *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006).

Plaintiff's sole argument is that Defendants' motion for summary judgment is supported by a declaration of their expert witness, Dr. B. Feinberg, who Plaintiff would like to depose. (Doc. 95.) Plaintiff contends he had no reason to believe Defendants intended to rely on Dr. Feinberg's opinions until he received a copy of their motion for summary judgment. Plaintiff would like to depose Dr. Feinberg by written question because he believes Dr. Feinberg's opinions are contradicted by Plaintiff's medical records. Plaintiff also contends that Dr. Feinberg's opinions should be disregarded because Dr. Feinberg has never interviewed or examined Plaintiff and Dr. Feinberg was not designated as an expert witness for trial.

///

///

///

---

(Docs. 21, 23). The Court declines to consider any arguments by Plaintiff to the contrary.

**A.    Defendants' Expert Witness**

Under the Federal Rules, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." Fed.R.Evid. 702. Testimony must be "based upon sufficient facts or data" and be "the product of reliable principles and methods." Fed.R.Evid. 702. The expert witness must also have "applied the principles and methods reliably to the facts of the case." *Id*. A party must disclose the identity of any expert witnesses expected to testify at trial. Fed.R.Civ.P. 26(a)(2) (A).

### 1.    Timeliness of Disclosure

This Court neither requires Rule 26 disclosures, nor is there a deadline generally set for disclosure of expert witnesses in civil rights actions brought by inmates proceeding *pro se*. Thus, through no fault of either party, Defendants' motion for summary judgment would logically be the first notice Plaintiff had that Defendants intended to rely on Dr. Feinberg as an expert witness in this action. No deadline has been set for Defendants to designate Dr. Feinberg as an expert witness in this action. Thus, Defendants may rely on Dr. Feinberg's declaration in support of their motion for summary judgment.

### 2.    Qualifications of Dr. Feinberg

The Supreme Court has imposed a "gatekeeping responsibility" in which courts are to engage to ensure that purportedly "expert" evidence "is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms*., 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141-42 (1999) (clarifying the court's "gatekeeping" obligation "applies not only to testimony based on 'scientific knowledge,' but also to testimony based on 'technical' and 'other specialized' knowledge"). Prior to considering proffered expert testimony, a trial court "must merely make a determination as to the proposed expert's qualifications." *Hopkins v. Dow Corning Corp*., 33 F.3d 1116, 1124 (9th Cir.1994). A court is not to attempt to determine whether an expert's conclusions are correct, but rather examine only "the soundness of his methodology." *Daubert v. Merrell Dow Pharm., Inc*., 43 F.3d 1311, 1318 (9th Cir.1995).

Dr. Feinberg's declaration and curriculum vitae indicate that he received a Doctorate of Medicine degree from the University of California San Francisco School of Medicine in 1994. (Doc. 88-5.) In 1997, Dr. Feinberg completed an internship and residency in Internal Medicine at the Baylor College of Medicine in Houston, Texas. Dr. Feinberg is currently licensed to practice medicine in the State of California, and is a specialist in Internal Medicine, certified by the American Board of Internal Medicine. Thus, it appears Dr. Feinberg possesses the "knowledge, skill, experience, training, [and] education" sufficient to qualify as an expert pursuant to Rule 702.

Moreover, a court may rely on an expert opinion that is not based upon the expert's personal knowledge of the facts. *See, e.g., General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (explaining "[t]rained experts commonly extrapolate from existing data"); *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 591 (1993) ("an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation"); *Bieghler v. Kleppe*, 633 F.2d 531, 533 (9th Cir.1980) (rejecting the argument that an expert affidavit was conclusory and inadmissible because it was based upon hearsay and not personal knowledge); *Gasaway v. Northwestern Mut. Life Ins. Co.*, 820 F.Supp. 1241, 1246 n. 2 (D. Haw. 1993) (finding that under Rule 56, "[e]xpert testimony is admissible even if it is not based on first-hand knowledge of the facts"). Accordingly, it is appropriate for the Court to consider the opinions of Dr. Feinberg in evaluating Defendants' motion for summary judgment, provided he has supported his conclusions. It matters not whether Dr. Feinberg has interviewed or examined Plaintiff.

### a.    **Reliability of Opinion**

Plaintiff does not challenge Dr. Feinberg's qualifications as a physician, but instead challenges the reliability of his opinions, in part, because Dr. Feinberg did not interview him and Plaintiff believes Dr. Feinberg's opinions contradict Plaintiff's medical records. As noted above, "experts commonly extrapolate from existing data." *Gen Elec., Co.*, 522 U.S. at 146. Further, Plaintiff does not indicate which portion of Dr. Feinberg's opinion he believes is contradicted by Plaintiff's medical records. Such bare assertion of unreliability is insufficient to challenge an expert's report. *Tetsuo Akaosugi v. Benihaha Nat'l Corp.*, 282 F.R.D. 241 (N.D. Cal. 2012).

### b. Basis for Opinions

It is well-established that expert reports lacking an adequate foundation may not be considered by the Court. *See* Fed.R.Civ.P. 37(c)(1) (precluding a party from relying on report if it fails to include the expert's opinions and the basis for those opinions); *Sitrick v. Dreamworks, LLC*, 516 F.3d 993 (Fed.Cir.2008) (explaining "[c]onclusory expert assertions cannot raise triable issues of material fact on summary judgment"). An expert report "must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions . . . [because] an expert who supplies only an ultimate conclusion with no analysis supplies nothing of value to the judicial process." *Finwall v. City of Chicago*, 239 F.R.D. 494, 501 (N.D.Ill.2006).

Dr. Feinberg's declaration indicates that he reviewed Plaintiff's Complaint and the Amended Complaint as well as Plaintiff's complete medical records from March 2006 to August 16, 2012. (Doc. 88-5, p. 2.) Dr. Feinberg then details his opinions regarding the treatment Plaintiff received for his medical conditions at issue in this action, and the basis for his opinions. Because Dr. Feinberg is qualified to offer testimony as a medical expert witness and his declaration satisfies the requirements of Rule 26(a), his declaration will not be excluded from consideration in support of Defendants' motion for summary judgment.

However, Plaintiff's case is entirely medically based and Defendants' motion for summary judgment relies entirely on Dr. Feinberg's opinions. There is no earlier time that Plaintiff could have requested to depose Dr. Feinberg since Plaintiff had no reason to know of Dr. Feinberg's involvement in this case until Defendants filed their motion for summary judgment. Thus, although Plaintiff has not presented the specific facts from his medical record which he believes demonstrate the errors in Dr. Feinberg's opinions, he will be given opportunity to do so via deposition if he is able and willing to secure and pay for an officer to record or transcribe the deposition as discussed below.[4]

///

///

---

[4] If Plaintiff is unable to afford this expense, he may attack the basis for Dr. Feinberg's opinions by showing contradictions with Plaintiff's medical records in his opposition to Defendants' motion for summary judgment.

**III. Deposition by Written Question**

If Plaintiff wishes to depose Dr. Feinberg, he may do so either via audio, audiovisual, stenographic, or other recording method, Fed. R. Civ. P. 30(b)(3), or via written questions, Fed. R. Civ. P. 31. In either event, Plaintiff must first make a showing that he is able and willing to retain an officer to either record and transcribe the deposition, Fed. R. Civ. P. 30(b)(3)(A), or to take responses to the written questions and prepare the record, Fed. R. Civ. P. 31(b). Depositions by written questions entail more than mailing questions to the deponents and awaiting their written responses.

Plaintiff is proceeding *in forma pauperis*. His motion suggests neither an understanding of the requirements for conducting a deposition by written questions, nor the ability and willingness to pay an officer to take the responses for the record. There is no entitlement to take a deposition of a party or non-party. To do so, even by written question, a party must comply with the Federal Rules of Civil Procedure.

Rule 31(a)(3) requires that notice of deposition by written question must "state the name or descriptive title and the address of the officer before whom the deposition will be taken." The Court may not designate a location for Plaintiff's written depositions to be conducted.

It also appears that Plaintiff is operating under the misunderstanding that deposition by written question is the same as propounding interrogatories. It is not that simple. The purpose of conducting the deposition by written question before an officer is that any such deposition officer is required to take the deponent's testimony in response, verbatim, to each question as well as to prepare and certify the deposition transcript. Fed. R. Civ. P. 31(b). For all practical purposes, a deposition by written questions differs from an in-person deposition only in as much as Plaintiff would not be present to verbally ask the questions to which he seeks answers.

Plaintiff must pay the deposition officer for his or her services. If Plaintiff is able and willing to compensate an officer to take down responses and prepare the record, he may notify the Court within twenty-one (21) days, accompanied by an offer of proof regarding the financial ability to do so.[5] However, if Plaintiff is unable and/or unwilling to do so, this issue of

---

[5] Any such offer of proof must, at a minimum, show both an estimate from a qualifying officer to conduct the

depositions by written questions will have come to an end.

**IV.    Conclusion**

Accordingly, based on the foregoing, it is **HEREBY ORDERED** that:

(1) Plaintiff's motion to strike and postpone Defendants' motion for summary judgment, filed March 1, 2018, (Doc. 95) is **DENIED** as follows: Defendants' motion will not be stricken, but **GRANTED** and Plaintiff is given **twenty-one (21) days** to file either of the following:

    a. If Plaintiff desires and is able to depose Dr. Feinberg, Plaintiff **SHALL** file an estimate from a qualifying officer to conduct the deposition *and* a copy of Plaintiff's trust account showing that he is able to pay for all such services; or

    b. If Plaintiff no longer desires, or is unable to pay for the deposition of Dr. Feinberg, Plaintiff **SHALL** file an opposition or statement of non-opposition to Defendants' motion for summary judgment; and

(2) **Plaintiff's failure to comply with this order will result in recommendation that this action be dismissed for Plaintiff's failure to prosecute this action and to obey a court order**.

IT IS SO ORDERED.

Dated:    **May 10, 2018**                                    /s/ *Sheila K. Oberto*

                                                         UNITED STATES MAGISTRATE JUDGE

---

deposition as to his or her fees per written deposition and both Plaintiff's willingness and ability to compensate for all such services. Plaintiff's *in forma pauperis* status does not relieve him from paying deposition costs.