# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RENO FUENTES RIOS,** | **Case No. 1:12-cv-01334-LJO-SKO (PC)** |
| **Plaintiff,** | **FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO AMEND** |
| v. | **(Doc. 104, 105)** |
| **GIPSON, et al.,** | |
| **Defendants.** | **FOURTEEN (14) DAY DEADLINE** |

I.    **Background**

Plaintiff, Reno Rios, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Upon screening, the action was dismissed for failure to state a claim and judgment was entered on April 9, 2014.  (Docs. 14, 15.)

Following Plaintiff's appeal, the Court affirmed in part, reversed in part, and remanded the action.[1]  (Docs. 21, 23.)  Plaintiff proceeds in this action on his remaining claims under the Eighth Amendment for deliberate indifference to his serious medical needs regarding his asthma and nerve pain against Defendants Edgar Clark, J. Kim, A. Liberstein, Teresa Macias, William J. McGuinness, Nereddy, J. Neubarth, H.N. Ngyuen, P. Rouch, Sisodia, and J. Wong.[2]

---

[1]  (Doc. 12, Amend. Compl., ¶¶19-22, 25, 26, 29, 30-32, 48-64; Doc. 21, 9th Cir. Memo; Doc. 23, 9th Cir. Mandate.)
[2]  The United States Court of Appeals for the Ninth Circuit held that Plaintiff's amended complaint, filed on June 13, 2013, sets forth sufficient allegations to state claims for monetary damages arising from inadequate medical treatment for his asthma, nerve pain, and dental issues.  28 U.S.C. § 1915A; Fed. R. Civ. P. 8; *Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012).  (Doc. 21.)  Mandate issued on July 7, 2015.  (Doc. 23.)  Defendants were granted summary judgment on Plaintiff's dental claim since he failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).  (Docs. 65, 81, 83.)

On February 2, 2018, Defendants filed a motion for summary judgment ("MSJ"). (Doc. 88.) On February 20, 2018, Plaintiff requested a thirty-day extension of time to file his opposition to Defendants' MSJ which was granted. (Docs. 92, 93.) On March 1, 2018, Plaintiff filed a motion for appointment of counsel and for appointment of an independent expert witness, which were denied on March 7, 2018. (Docs. 94, 96.) On March 1, 2018, Plaintiff also filed a motion to strike and postpone Defendants' MSJ, objecting and seeking to depose Defendants' expert witness, B. Feinberg, M.D. (Doc. 95.) Plaintiff's motion to strike the MSJ was denied and Plaintiff was given a deadline to either show his ability to pay the costs of deposing Dr. Feinberg, or to file an opposition or statement of non-opposition to Defendants' MSJ. (Doc. 101.) Plaintiff requested an extension of time to respond to the order denying his motion to strike and postpone Defendants' MSJ, which was granted. (Docs. 102, 103.)

Instead of submitting evidence of his ability to afford to depose Dr. Feinberg, or filing an opposition or statement of non-opposition, Plaintiff filed a document titled objections to the order that denied his motion to strike and postpone Defendants' MSJ and lodged a second amended complaint. (Docs. 104, 105.) Defendants filed an opposition and Plaintiff filed a reply. (Docs. 106, 107.)[3] In his "objections," Plaintiff does not attack the order denying his motion to strike and postpone Defendants MSJ, and instead seeks leave to file a second amended complaint naming Defendants' expert witness, B. Feinberg, M.D., as a defendant in this action for promulgating or implementing policies, procedures, regulations, and budgetary constraints which allegedly deprived Plaintiff of adequate medical treatment. Thus, Plaintiff's objections are construed as a motion to amend the pleadings which is deemed submitted. L.R. 230(*l*). Since Plaintiff does not meet the required showing of good cause to modify the schedule of this case, it is recommended that the motion to amend be denied.

## II.    <u>Modification of Scheduling Orders -- Rule 16(b)</u>

Pursuant to Federal Rule of Civil Procedure[4] 16(b)(3)(A), district courts must enter scheduling orders to establish deadlines for, among other things, filing motions and completion of

---

[3] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.
[4] The Federal Rules of Civil Procedure are referred to as "Rule *."

discovery. The scheduling order "controls the course of the action unless the court modifies it." F.R.Civ.P. 16(d). Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered,[5] which can be cavalierly disregarded without peril." *Id.* Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).

A party seeking leave of court to amend a pleading, with implications for the schedule of a case, must first satisfy Rule 16(b)'s "good cause" standard. *Johnson*, 975 F.2d at 608-09; F.R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). This good cause evaluation "is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Id*. at 609. Distinct from Rule 15(a)'s liberal amendment policy, Rule 16(b)'s good cause standard focuses primarily on the diligence of the moving party, *id*., and that party's reasons for seeking modification, *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist*., 654 F.3d 975, 984 (9th Cir. 2011).

In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

This Court's Local Rule 144(d) also requires a party to seek an extension of the deadline as soon as the need becomes apparent.

### A.     Analysis

The Discovery and Scheduling order issued in this case on November 6, 2015, setting a May 6, 2016 deadline to amend pleadings, a July 6, 2016 deadline for completion of discovery,

---

[5] The Court recognizes that, because at the time it issued Plaintiff was both incarcerated and proceeding *pro se*, the Discovery and Scheduling order issued without his input.

and a September 15, 2016 deadline for dispositive motions. (Doc. 32.) These deadlines have been extended in response to the numerous requests for extensions of time from both sides in this action. (*See* Docs. 43, 45-48, 50-52, 55, 56, 58, 60-62, 68-71, 73, 74, 85-87.) The most recent deadline to amend pleadings was on March 31, 2017. (Doc. 69.) The most recent discovery deadline was on April 29, 2017. (*Id.*) The most recent deadline to file dispositive motions was on February 2, 2018. (Doc. 87.) The parties have not stipulated to allow the amendment Plaintiff seeks. Thus, since the motion was filed on June 12, 2018—more than a year after the applicable deadline—Plaintiff's motion to amend his pleading cannot be considered absent good cause under Rule 16 to modify the scheduling for this action.

In his motion, Plaintiff' seeks to add Dr. Feinberg as a defendant in his supervisory capacity based on procedures, policies, regulations and budgetary constraints which allegedly caused Plaintiff to be denied adequate medical treatment. (Doc. 105.) Plaintiff contends that he was unable to uncover a reason to name Dr. Feinberg in this action until Defendants filed Dr. Feinberg's declaration in support of their pending MSJ. (*Id.*) From filings in this action, it is readily apparent that the parties engaged in extended discovery and had numerous discovery disputes. (*See* Docs. 45, 47, 48, 50-52, 77-79, 84.) Plaintiff fails to submit any evidence showing that while discovery was open, he propounded requests seeking the name of anyone responsible for policies, procedures, regulations, or budgetary constraints—which allegedly prevented Plaintiff from receiving adequate medical care.

Plaintiff has not shown that he has made *any* effort to determine the name of supervisorial prison personnel responsible for policies, procedures, regulations, or budgetary constraints that allegedly prevented Plaintiff from receiving adequate medical care. Plaintiff presents no evidence that he diligently tried to discover the name of any such supervisorial prison personnel to allow amendment to add Dr. Feinberg as a defendant in this case, and the Court finds none.

As shown in Defendants' opposition, Plaintiff also misinterprets the contents of Dr. Feinberg's declaration. (Doc. 106.) Plaintiff contends that Dr. Feinberg issued procedures, policies, regulation, or budgetary constraints that were used to deny Plaintiff's medical treatment (Doc. 105, p. 2); had supervisory liability for reviewing inmates' medical records and for the

"budgetary constraints" allegedly used to deny Plaintiff's medication requests (*id.*, p. 8); and "admitted [Dr. Feinberg's] responsibility upon each Defendant" (*id.*, p. 3). However, as to Dr. Feinberg's job title and duties, his declaration simply states:

> I have been employed by California Correctional Health Care Services (CCHCS) since 2010. In 2017, I was appointed as the Chief Medical Consultant for the CCHCS's Office of Legal Affairs. As Chief Medical Consultant, my duties include reviewing medical records, reviewing medical care issues and providing direct medical care to inmates.

(Doc. 85-5, p. 1.) Dr. Feinberg did not become Chief Medical Consultant (the position which Plaintiff contends made Dr. Feinberg responsible for the procedures, policies, regulations, and budgetary constraints in question) until 2017—long after the incidents in this action allegedly occurred. As also correctly noted by Defendants, Dr. Feinberg's curriculum vitae shows that Dr. Feinberg neither promulgated "budgetary constraints" or medical policies, nor supervised Plaintiff's medical care, (Doc. 88-6, p. 2); during the 2010-2014 time-period relevant to this case, Dr. Feinberg worked as a physician at Mule Creek and Folsom State Prisons, (*id.*); and Dr. Feinberg never worked at Corcoran where Plaintiff was housed, (*id.*). Defendants have shown that Dr. Feinberg's only involvement in this case is as their retained expert witness. (Doc. 85-5, p. 2.) Thus, even if Plaintiff met the good cause requirement of Rule 16(b), his request to file an amended complaint need not be granted as it would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Finally, Plaintiff's motion appears to be the latest in numerous efforts to avoid filing a response to Defendants' MSJ. (*See* Doc. 91, February 5, 2018 second informational order; Doc. 93, February 21, 2018 order extending time; Doc. 101, May 10, 2018 order to file an opposition or demonstrate the financial ability to depose Dr. Feinberg; and Doc. 103, June 6, 2018 order extending time.) Plaintiff has had more than sufficient time to address Defendants' MSJ, which was filed over five months ago. As such, Plaintiff should be ordered to file an opposition or statement of non-opposition to Defendants' MSJ on an abbreviated deadline, absent which this action should be dismissed for Plaintiff's failure to prosecute and to obey the Court's order.

5

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

As set forth above, there is no good cause under Rule 16(b) to modify the schedule and to allow Plaintiff to file an amended pleading in this action.

**III.    Conclusions and Recommendations**

As set forth herein, this Court finds that Plaintiff has not shown good cause to modify the Discovery and Scheduling order to allow amendment of Plaintiff's pleading in this case.

Accordingly, the Court **RECOMMENDS** that:

(1)    Plaintiff's motion to file an amended complaint, filed on June 12, 2018, (Docs. 104, 105) be DENIED; and

(2)    Plaintiff be ordered to file an opposition or statement of non-opposition to Defendants' motion for summary judgment within fourteen (14) days of the date he is served with the District Judge's order on these findings and recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 19, 2018**             /s/ *Sheila K. Oberto*

                                               UNITED STATES MAGISTRATE JUDGE